IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1) Lee De La Torre, On Behalf of Himself and | § | |
| 2) All Others Similarly Situated, | § | |
| | § | No. 20-CV-127-JED-FHM |
| Plaintiff, | § | |
| | § | Jury Trial Demanded |
| v. | § | |
| | § | Collective Action |
| 1) Colburn Electric Company, | § | |
| | § | This Action Is Not Related to Any |
| Defendant. | § | Other Action in this Court. |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff, Lee De La Torre ("Plaintiff"), on behalf of himself and all others similarly situated, files this Complaint against Colburn Electric Company ("Defendant"), showing in support as follows:

**I.       NATURE OF THE CASE**

1.       This is a civil action brought by Plaintiff pursuant to the federal Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the federal Portal-to-Portal Pay Act, 29 U.S.C. §§ 251-262, (collectively "FLSA/PPA") for Defendant's failure to pay Plaintiff time and one-half his regular rate of pay for all hours worked over 40 during each seven day workweek as an employee of Defendant.

2.       Plaintiff files this lawsuit on behalf of himself and as a FLSA/PPA collective action on behalf of all other similarly situated current and/or former employees of Defendant who work(ed) as hourly paid electrical workers, and like Plaintiff, are not/were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in each seven day workweek in the time period of three years preceding the date this lawsuit was filed and forward.

3.     Plaintiff and the collective action members seek all damages available under the FLSA/PPA including back wages, liquidated damages, legal fees, costs, and post-judgment interest.

## II.     THE PARTIES, JURISDICTION, AND VENUE

### A.     Plaintiff Lee De La Torre

4.     Plaintiff is a natural person who resides within the boundaries covered by the United States District Court for the Northern District of Oklahoma. He has standing to file this lawsuit.

5.     Plaintiff was an employee of Defendant.

6.     Plaintiff was employed by Defendant from approximately May 14, 2014 to approximately January 21, 2020.

7.     Plaintiff worked as an electrician for Defendant.

8.     Plaintiff was paid on an hourly basis by Defendant.

9.     Plaintiff's hourly pay at the end of his employment with Defendant was approximately $21.00 per hour.

10.     At times, Plaintiff was also paid remuneration on an hourly basis labeled by Defendant as per diem pay.

11.     By filing this lawsuit and complaint, Plaintiff consents to be a party plaintiff to this FLSA/PPA action pursuant to 29 U.S.C. § 216(b). Plaintiff's consent to join is filed as an Exhibit to this Complaint.

### B.     Collective Action Members

12.     The putative collective action members are all current and/or former hourly paid electrical worker employees of Defendant who are not/were not paid time and one-half their

respective regular rates of pay for all hours worked over 40 during each seven-day workweek. All remuneration paid to the putative collective action members, including so-called per diem pay that was paid on an hourly basis, is and/or should have been included in calculating their respective regular rates of pay. Because Defendant did not and does not pay all overtime premium compensation to its hourly paid electrical employees who routinely work(ed) in excess of 40 hours per workweek, Plaintiff and the putative collective action members are all similarly situated within the meaning of Section 216(b) of the FLSA/PPA.

13.    The relevant time period for the claims of the putative collective action members is three years preceding the date this lawsuit was filed and forward, or such other time period as deemed appropriate by the Court.

14.    Plaintiff reserves the right to redefine the class, request more than one class, and/or request sub-classes relative to any motion for conditional certification filed in this lawsuit.

**C.    Defendant Colburn Electric Company**

15.    Defendant is a domestic for-profit corporation.

16.    During all times relevant to this lawsuit, Defendant has done business in the State of Oklahoma.

17.    Defendant's principle place of business is 829 West Elgin Street, Broken Arrow, Oklahoma 74012.

18.    At all times relevant to this lawsuit, Defendant is and has been an "enterprise engaged in commerce" as defined by the FLSA.

19.    At all times relevant to this lawsuit, Defendant employed, and continues to employ, two or more employees.

20. At all times relevant to this lawsuit, Defendant employed two or more employees who engaged in commerce and/or who handled, sold, or otherwise worked on goods and/or materials that have been moved in and/or produced for commerce by any person.

21. For example, Defendant employed two or more employees who regularly handled, sold, and/or otherwise worked on goods and/or materials in their daily work that are/were moved in and/or produced for commerce. Examples of such goods and/or materials include electrical equipment, electrical supplies, vehicles, safety equipment, and communications equipment.

22. On information and belief, at all times relevant to this lawsuit, Defendant has had annual gross sales or business volume in excess of $500,000.

23. Defendant may be served with summons through its registered agent, Phil Frazier, 1424 Terrace Drive, Tulsa, Oklahoma 74104.

**D.    <u>Jurisdiction and Venue</u>**

24. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

25. The Court has personal jurisdiction over Defendant based on both general and specific jurisdiction.

26. During all times relevant to this lawsuit, Defendant has done business in the State of Oklahoma and continues to do business in the State of Oklahoma.

27. Defendant's principal place of business is located within the boundaries of the United States District Court for the Northern District of Oklahoma.

28. Plaintiff's home yard for Defendant was in Broken Arrow, Oklahoma.

29.     The Court has subject matter jurisdiction over this case based on federal question jurisdiction, 28 U.S.C. § 1331, because Plaintiff bases his claims on federal law, namely the FLSA/PPA.

## III.    FACTUAL BACKGROUND

30.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

31.     Defendant provides residential and commercial electrical installation, service, and repair ("electrical services").

32.     In connection with providing electrical services, Defendant employed and employs numerous electrical workers consisting of electricians and assistants to electricians ("electrical workers"). Like Plaintiff, those electrical workers are/were paid on an hourly basis. Like Plaintiff, those electrical workers perform(ed) work for Defendant's customers who were typically located many miles from Defendant's yard in Broken Arrow, Oklahoma (the "yard"). Some customers are/were located in states other than Oklahoma.

33.     Plaintiff worked as an electrician for Defendant. In a typical workday, Plaintiff would have approximately two electrical workers of Defendant's working with him to provide electrical services to Defendant's customers. However, for larger electrical services projects, Plaintiff would have more of Defendant's electrical workers working with him.

34.     Plaintiff and the other electrical workers perform(d) electrical services work for Defendant's customers using vehicles owned, operated, and or leased by Defendant which list(ed) Defendant's name on the vehicle. Tools, supplies, and equipment needed for a given project for Defendant's customers are/were loaded in and/or contained in those vehicles. Those vehicles were used to travel between the yard and Defendant's customer's location.

35.     In a typical workday, Plaintiff and other electrical workers report(ed) to Defendant's yard. At the yard, the electrical worker crews prepare(d) for the day's work and load(ed) tools, supplies, and other equipment needed for the job(s) to be performed in a given day. Those crews then drive/drove from the yard to the customer's location in Defendant's vehicles to perform electrical services work. In a typical day, those crews then drive/drove back to the yard near the end of the workday. Afterwards, the crews then go/went to their respective homes.

36.     Defendant has and had a practice and/or policy to not pay/count as hours worked all drive time/travel time by electrical workers from its yard to a given customer's location and then from the given customer's location back to the yard (which includes work performed at the yard which is/was integral and indispensable to the day's work, such as loading supplies, tools, and equipment). Defendant's failure to pay that time/count that time as hours worked occurred in workweeks that Plaintiff and the putative collective action members otherwise worked 40 or more hours in the corresponding seven-day workweek. That practice and policy results/resulted in a failure of Defendant to pay its electrical workers time and one-half their respective regular rates of pay for each and every hour worked over 40 in each and every seven-day workweek in the time period relevant to this lawsuit.

37.     At times, Plaintiff and other electrical workers worked on longer term projects for which Defendant paid them additional pay it labeled as per diem pay. That per diem pay was paid on an hourly basis. For example, Plaintiff and other electrical workers performed electrical services work on behalf of Defendant for a Holliday Inn Express in Kansas. During that job, Defendant paid Plaintiff an additional $3.00 per hour which it labeled as "per diem" pay. That hourly per diem pay was not included by Defendant in calculating the respective regular rates of pay for Plaintiff and the putative collective action members and the failure to do so resulted in Plaintiff

and the putative collective action members not being paid time and one half-their respective regular rates of pay for each and every hour worked over 40 in workweeks in which they received that hourly per diem pay.

38.     Plaintiff routinely worked in excess of 40 hours in numerous seven-day workweeks as an employee of Defendant. However, Defendant did not pay Plaintiff time and one-half his regular rate of pay for all of those hours worked over 40 in each and every seven-day workweek in the time period relevant to Plaintiff's claims.

39.     Defendant is and was required to pay Plaintiff and the putative collective action members time and one-half their respective regular rates of pay when they work/worked in excess of 40 hours in each and every seven-day workweek pursuant to 29 U.S.C. § 207(a)(1).

40.     The failure of Defendant to pay Plaintiff and the putative collective action members time and one-half their respective regular rates of pay for each and every hour worked over 40 in a seven-day workweek is a violation of the FLSA/PPA.

## IV.     CONTROLLING LEGAL RULES

41.     The FLSA states that "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).

42.     "Employ" includes to suffer or permit work. 29 U.S.C. § 203(g).

43.     Federal law requires employers to make and keep accurate and detailed payroll data for non-exempt employees. 29 U.S.C. § 211(c); 29 C.F.R. § 516.2. Amongst other things, the regulations require employers to make and keep payroll records showing data such as the

employee's name, social security number, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime pay is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period and date of payment and pay period covered by the payment, and records of remedial payments. 29 C.F.R. § 516.2(a)&(b). Employers are required to maintain the foregoing data for a minimum of three years. 29 C.F.R. § 516.5.

44.    The FLSA defines the "regular rate" as including "all remuneration for employment paid to, or on behalf of, the employee … ." 29 U.S.C. § 207(e).

45.    With a few limited exceptions, all remuneration given to an employee must be included in the employee's regular rate calculation. 29 U.S.C. § 207(e); 29 C.F.R. § 778.108; *accord Allen v. Board of Pub. Educ. For Bibb Cty.*, 495 F. 3d 1306, 1311 (11th Cir. 2007); *see also Johnson v. Big Lots Stores, Inc.*, 604 F. Supp. 2d 903, 927 (E.D. La. 2009).

46.    Per diem pay that is paid based on the number of hours worked must be including in the regular rate of pay in calculating the overtime wages owed to employees under the FLSA/PPA. *Gagnon v. United Technisource Inc.*, 607 F.3d 1036, 1041-42 (5th Cir. 2010).

47.    Failing to pay the required overtime premium for hours worked over 40 in a workweek is a violation of the FLSA. 29 U.S.C. § 216(b).

## V.    FLSA/PPA CLAIMS

48.    Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

49.    All conditions precedent to this suit, if any, have been fulfilled.

50.    At relevant times, Defendant is and/or was an eligible and covered employer under the FLSA. 29 U.S.C. § 203(d).

51.    At relevant times, Defendant is and/or has been an enterprise engaged in commerce under the FLSA/PPA. 29 U.S.C. § 203(s)(1)(A).

52.    Plaintiff and the putative collective action members are and/or were employees of Defendant pursuant to the FLSA/PPA. 29 U.S.C. § 203(e).

53.    Plaintiff and the putative collective action members are and/or were covered employees under 29 U.S.C. § 207(a)(1).

54.    Plaintiff and the putative collective action members are and/or were paid on an hourly basis by Defendant.

55.    Plaintiff and the putative collective action members are and/or were paid per diem pay that was hourly and/or based on the number of hours worked.

56.    Plaintiff and the putative collective action members regularly work and/or worked in excess of 40 hours per seven-day workweek as employees of Defendant.

57.    Defendant is and/or was required to pay Plaintiff and the putative collective action members time and one-half their respective regular rates of pay for all hours worked over 40 in each relevant seven-day workweek. 29 U.S.C. § 207(a)(1).

58.    Defendant is and/or was required by the FLSA/PPA to include all remuneration it paid to Plaintiff and the putative collective action members in calculating their respective regular rates of pay.

59.    Defendant failed to pay Plaintiff and putative collective action members overtime compensation at one and one-half times their respective regular rates of pay for all hours worked over 40 in each and every seven-day workweek during the time period relevant to this lawsuit.

60.    The putative collective action members are and/or were similarly situated to the Plaintiff and to each other under the FLSA/PPA. 29 U.S.C. § 216(b).

61.    Defendant's violations of the FLSA/PPA are and/or were willful within the meaning of 29 U.S.C. § 255(a). At all material times, Defendant is and was aware that Plaintiff and the putative collective action members are not and/or were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in a seven-day workweek. Defendant knew and/or had reason to believe that Plaintiff and the putative collective action members were working overtime hours for which they were not paid all FLSA overtime wage compensation owed.

62.    Plaintiff and the putative collective action members seek all damages available for Defendant's failure to timely pay all overtime wages owed.

## VI.    <u>FLSA/PPA COLLECTIVE ACTION</u>

63.    Where, as here, the employer's actions or policies were effectuated on a companywide basis, notice may be sent to all similarly situated persons on a companywide basis. *See Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001); *Goodly v. Check-6, Inc.*, No. 16-CV-334-GKF-JFJ, 2018 U.S. Dist. LEXIS 187181, at *3 (N.D. Okla. Nov. 1, 2018).

64.    Plaintiff seeks to represent a collective action under 29 U.S.C. § 216(b) on behalf of himself and all current and/or former hourly employees of Defendant who: (a) are and/or were employed as electrical workers, and (b) are not and/or were not paid time and one-half their respective regular rates of pay for all hours worked over 40 during each seven day workweek in the relevant time period. All remuneration paid to the putative collective action members, including so-called per diem pay that was paid on an hourly basis, is and/or should have been included in calculating their respective regular rates of pay. Because Defendant did not and does not pay all overtime premium compensation owed to its hourly paid electrical worker employees

who routinely work(ed) in excess of 40 hours per workweek, Plaintiff and the putative collective action members are all similarly situated within the meaning of Section 216(b) of the FLSA.

65.    The relevant time period for this collective action is three years preceding the date this lawsuit was filed and forward, or such other time period deemed appropriate by the Court.

66.    Plaintiff reserves the right to establish sub-classes and/or modify collective action definition in any collective action certification motion or other filing.

## VII.    <u>JURY DEMAND</u>

67.    Plaintiff demands a jury trial.

## VIII.    <u>DAMAGES AND PRAYER</u>

68.    Plaintiff asks that the Court issue a summons for Defendant to appear and answer, and that Plaintiff and the Collective Action Members be awarded a judgment against Defendant and/or order(s) from the Court for the following:

    a.    An order conditionally certifying this case as a FLSA/PPA collective action and requiring notice to be issued to all putative collective action members;

    b.    All damages allowed by the FLSA/PPA, including back overtime wages;

    c.    Liquidated damages in an amount equal to back FLSA/PPA mandated wages;

    d.    Legal fees;

    e.    Costs;

    f.    Post-judgment interest; and/or

    g.    All other relief to which Plaintiff and the Collective Action Members are entitled.

Date: March 27, 2020.

Respectfully submitted,

By:    s/ Allen R. Vaught

*Plaintiff's Original Complaint – Page* 11

Allen R. Vaught
Attorney-In-Charge
Bar Membership ID MS 101695
avaught@txlaborlaw.com
Nilges Draher Vaught PLLC
1910 Pacific Ave., Suite 9150
Dallas, Texas 75201
(214) 251-4157 – Telephone
(214) 261-5159 – Facsimile

ATTORNEYS FOR PLAINTIFF